STATE v. JOHN GRIMES and Others.

November 22, 1898.

Nos. 11,177—(7).

Keeping Gambling House—Ordinance of City of Minneapolis—Evidence.

> *Held*, that the complaint herein charges the appellants with the offense of keeping a gambling house, resorted to for the purpose of gambling, contrary to the ordinance of the city of Minneapolis, and that the evidence on the trial was sufficient to sustain their conviction.

Defendants John Grimes, Thomas Murphy and Eugene D. Farrell were convicted in the municipal court of Minneapolis of keeping a gambling house. The case was tried before Holt, J., without a jury. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Welch, Hayne & Hubachek,* for appellants.

*Frank Healy* and *H. D. Dickinson,* for respondent.

START, C. J.

An ordinance of the city of Minneapolis provides that

"No person shall keep any house or place, or suffer or allow any house or place, to him or her belonging, or by him or by her occupied, or of which he or she has the control, to be kept for the purpose of gambling, or gaming or fraudulent practices, or to be kept or resorted to for the purpose of betting or wagering any money or valuable thing on any game or device, or the happening of any event or the result of any event."

The defendants were prosecuted in the municipal court of the city for a violation of this ordinance, upon a complaint which, after alleging the time and place, charged that the defendants did

"Willfully, unlawfully and wrongfully keep, and aid and abet in keeping, a gambling house, in that certain building known as the Harmonia Building, situated on the corner of Second avenue south and Third street in said city, said place being then and there resorted to for the purpose of gambling and gaming, contrary," etc.

They were convicted, and this is an appeal from an order denying their motion for a new trial.

74 M.—17

1. The appellants insist that their conviction was erroneous, because the complaint fails to charge a violation of the ordinance, in that it fails to allege that the house or place in question either belonged to or was occupied by or was under the control of the defendants.  This claim rests upon a wrong construction of the ordinance.  It makes penal by its prohibitions, not one, but several acts.  Whoever keeps a house or place for the purpose of gambling commits an offense, without reference to the fact whether he is the owner of the house or not.  So, too, any person who allows any house or place owned, occupied, or controlled by him to be used for the purpose of gambling violates the ordinance, without reference to the fact whether he is the keeper thereof.  The ordinance is directed against both the keepers and the owners of gambling houses.  The defendants were prosecuted for keeping a gambling house, and not as owners for allowing the house to be kept for gambling purposes.  The complaint was sufficient, for it stated facts constituting all of the essential elements of the offense of keeping a gambling house, as defined by the ordinance.  9 Enc. Pl. & Pr. 772.

2. It is further claimed that the evidence, which was undisputed, did not warrant the conviction of the appellants.  Their principal contention on this branch of the case is that the evidence did not show that the mechanism of their business constituted a gambling device.  It is wholly immaterial whether it did or did not, for they were not charged with keeping a gambling device, but with keeping a gambling house.

Gambling is the risking of money or anything of value between two or more persons on a contest of chance of any kind, where one must be the loser and the other the gainer.  State v. Shaw, 39 Minn. 153, 39 N. W. 305; 9 Enc. Pl. & Pr. 766.  The evidence in this case conclusively establishes the fact that the appellants kept a house where parties were accustomed to bet on the rise or fall of certain supposed stocks.  The rise or fall was determined by the position of certain letters representing the stocks, placed and repeated at random on a tape wound on a reel, and inclosed in a circular box.  If a party bet that a particular stock would rise,— that is, if he played that he bought it,—the tape would be pulled

out; and if the letter representing his stock appeared first, he won; if second, he lost.  Or, in other words, he placed a given sum of money on the chance of winning or losing as the next pull of the tape might determine the supposed stock to be up or down.  By the rules of the game, it was always up or down at a fixed amount, as the position of its letter on the tape might indicate.  The evidence shows that the plan of the appellants' business was a dirty and diaphanous gambling scheme.  The evidence amply sustains their conviction.

Order affirmed.